Matter of Borzouye (2019 NY Slip Op 00244)





Matter of Borzouye


2019 NY Slip Op 00244


Decided on January 15, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman, Justice Presiding,
John W. Sweeny, Jr.
Dianne T. Renwick
Barbara R. Kapnick
Jeffery K. Oing, Justices.


M-5386

[*1]In the Matter of Richard D. Borzouye, (admitted as Richard Darius Borzouye), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Richard D. Borzouye, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Richard D. Borzouye, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 25, 2004.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Jun H. Lee, of counsel), for petitioner.
Respondent pro se.



Per Curiam


Respondent Richard D. Borzouye was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 2004 under the name Richard Darius Borzouye. At all times relevant to this proceeding, respondent maintained a law office within the First Judicial Department.
By motion dated October 4, 2017, the Attorney Grievance Committee (the Committee) sought respondent's immediate suspension from the practice of law, pursuant to the Rules for Attorney Discipline Matters (22 NYCRR) § 1240.9(a)(1) and (3), based upon his default in appearing for an examination under oath pursuant to a subpoena from this Court and his failure to comply with lawful demands of the Committee, which was investigating three complaints made against him.
By order entered January 2, 2018 (161 AD3d 1 [1st Dept 2018]), this Court granted the Committee's motion and suspended him pursuant to 22 NYCRR 1240.9(a)(1) and (3), and until further order of the Court.
On January 10, 2018, the Committee served respondent with notice of entry of this Court's order of suspension. The notice of entry was served upon respondent by first class mail and certified mail, return receipt requested, at his last registered business address. The certified mail receipt was signed and returned to the Committee on January 24, 2018.
Now, by notice of motion dated October 29, 2018, the Committee seeks an order disbarring respondent, pursuant to 22 NYCRR 1240.9(b), on the ground that he was immediately suspended pursuant to 22 NYCRR 1240.9(a)(1) and (3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension. Respondent was served with this motion to disbar by first class mail and certified mail, return receipt requested, at his last registered business address and what appears to be his residence, but no response has been filed with the Court.
The motion should be granted, inasmuch as more than six months have elapsed since the date of respondent's suspension, and he has neither responded to nor appeared for further investigatory or disciplinary proceedings (see Matter of Freidman, 162 AD3d 14 [1st Dept 2018]; Matter of Spencer, 161 AD3d 44 [1st Dept 2018]; Matter of Hidalgo, 158 AD3d 1 [1st Dept 2017]).
Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York, effective immediately.
All Concur.
Order Filed. [January 15, 2019]
The petition is granted, respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.